Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WESLEY GACHETT, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERWALK HOLDINGS, LTD;<br>CENTRAL PORTFOLIO CONTROL, INC.;<br>ALICIA LESHER;<br>MARK HEDGE;<br>ROBERT BARRETT; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Wesley Gachett, by way of Class Action Complaint against Defendants Riverwalk Holdings, Ltd; Central Portfolio Control, Inc.; Alicia Lesher; Mark Hedge; and Robert Barrett (and John Does 1 to 10) states:

## I.    NATURE OF THE ACTION

1.     This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. §

17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law; and by failing to disclose that the balance would increase due to interest or other charges.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5. Plaintiff Wesley Gachett ("Plaintiff" or "Gachett") is a natural person residing in Essex County, New Jersey.

6. Defendant Riverwalk Holdings, LTD, ("RWH") is a debt buyer with its principal place of business at 1132 Glade Road, Colleyville, Texas, 76034.

7. Defendant Central Portfolio Control, Inc., ("CPC") is a collection agency with its principal place of business at 10249 Yellow Circle Drive, Suite 200, Minnetonka, Minnesota, 55343.

8. Defendant Robert Barrett, ("Barrett") is the president of CPC.

9. Defendant Alicia Lesher, ("Lesher") is the vice-president of CPC.

10. Defendant Mark Hedge, ("Hedge") is the director of CPC.

11. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used

by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoings alleged in this Complaint.

12. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

**A. Background**

13. Defendants are not in the business of extending credit, selling goods or services to consumers.

14. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

15. The principal purpose of Defendants is the collection of debts.

16. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

17. RWH is a debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

18. In connection with RWH's efforts to collect consumer debts, RWH routinely hires other debt collectors, such as CPC, in an effort to collect the consumer debts.

19. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

20. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

21. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

22. Defendants contend that the Account was past-due and in default.

23. Defendants are debt collectors.

24. The Account was allegedly assigned to Defendants for collecting the Debt.

25. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Unlawful Collection**

26. After allegedly purchasing the past-due and defaulted Account for pennies on the dollar, RWH, either directly or through intermediate transactions, assigned, placed, or transferred the Account with CPC for collection.

27. The Account was assigned to CPC to collect the Debt.

28. The Account was past-due and in default when it was placed with or assigned to CPC for collection.

29. At all times relevant hereto, CPC acted on behalf of RWH in an attempt to collect the Debt.

30. At all times relevant hereto, the acts and omissions of CPC were incidental to or taken within the scope of the responsibilities given and authorized by RWH.

31. In an attempt to collect the consumer debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on April 18, 2018 (the "CPC Letter"). A true but redacted copy of the CPC Letter is attached as **Exhibit A**.

32. Plaintiff received and reviewed the CPC Letter.

33. RWH is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

34. During all times relevant to this action, RWH was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

35. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

36. By purchasing and taking assignment of the accounts, RWH acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

37. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

38. RWH is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

39. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section

40. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(a)(1).

## C. Failure to Warn that Balance Will Increase Due to Interest or Other Charges

41. Defendants failed to disclose that the balance was accruing interest or other charges on a daily basis which the creditor would attempt to collect in the future.

42. The CPC Letter does not disclose that, since the Account is continuing to accrue interest, costs, and other charges, the balance might be greater on the later date Plaintiff makes a payment.

43. The CPC Letter fails to disclose that the creditor of the Account would be attempting to collect the additional interest, costs, and other charges which continue to accrue.

44. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest, costs or other charges because there was no disclosure that the balance would continue to accrue interest, costs or other charges.

45. In the CPC Letter, Defendants represented that the balance due was $3,272.54.

46. However, upon information and belief, the balance of the Account continued to increase.

47. The CPC Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

48. "Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, . . . the

---

1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."[6]

49. Defendants failed to inform Plaintiff that the Account was continuing to accrue interest, costs and other charges, that the balance stated in the CPC Letter was not a static amount, and that the balance stated on the letter included additional interest and amounts.

50. It is the Defendants' policy and practice to fail to disclose that the balances are continuing to accrue interest, to fail to disclose the balances stated in the letters are not a static amount, to fail to disclose the balances stated on the letters included additional interest, costs and other amounts, and to fail to disclose the correct balance; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

51. Therefore, the CPC Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

52. Defendants engaged in unfair and deceptive acts and practices, in violation of, inter alia, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, and 1692g(a)(1).

## V. CLASS ACTION ALLEGATIONS

53. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of the Classes initially defined as follows:

---

[6] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016); *see also Douglass v. Forster & Garbus LLP*, No. 16-CV-6487, 2016 U.S. Dist. LEXIS 148351 (W.D.N.Y. Oct. 26, 2016).

**Class A**: All natural persons with addresses in the State of New Jersey to whom, beginning April 18, 2018, through and including the final resolution of this case, Central Portfolio Control, Inc., sent a collection letter on behalf of Riverwalk Holdings, LTD.

**Class B**: All natural persons with addresses in the State of New Jersey to whom, beginning April 18, 2018, through and including the final resolution of this case, Central Portfolio Control, Inc., sent a written communication which does not disclose that the balance will increase due to interest or other charges when, in fact, balance does increase.

54. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the CPC Letter.

55. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

56. The Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

57. There are questions of law and fact common to the members of the Classes that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendants are debt collectors under the FDCPA;

    B.    Whether Defendants violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692g, and 1692g(a)(1); and

    C.    Whether Plaintiff, and the Classes are entitled to damages.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Classes and will foster economies of time, effort and expense.

59. The claims of the Plaintiff are typical of the claims of the members of the Classes.

60. The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

61. Plaintiff does not have interests antagonistic to those of the Classes.

62. The Classes, of which Plaintiff is a member, is readily identifiable.

63. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

64. The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

65. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI. VIOLATIONS OF THE FDCPA

66. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

67. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

69. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

70. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

71. The CPC Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

72. At all times relevant hereto, CPC acted on behalf of RWH in an attempt to collect the debt.

73. At all times relevant hereto, RWH actively participated in the collection of consumer debts allegedly owed by Plaintiff and other New Jersey consumers.

74. Therefore, not only is RWH liable for the acts and omissions of its agent CPC, but for its own acts in hiring, directing, and negligently supervising CPC to collect debts for RWH.

75. By attempting to collect consumer debts without a license to do so under the NJCFLA, by attempting to collect consumer debts on behalf of debt buyers not properly licensed under the NJCFLA, and by failing to warn that the balance will increase due to interest or other charges, Defendants violated the FDCPA (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(5), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g (including subsection 1692g(a)(1)). The violations of the FDCPA described herein constitute *per se* violations.

76. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wesley Gachett demands judgment against Defendants Riverwalk Holdings, Ltd; Central Portfolio Control, Inc.; Alicia Lesher; Mark Hedge; and Robert Barrett as follows:

A.   For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.   For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.   For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.   For actual damages in favor of Plaintiff, the Classes pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff, the Classes, a negative tax consequence;

E.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.   For pre-judgment and post-judgment interest; and

G.   For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

|  |  |
|---|---|
|  | K<small>IM</small> L<small>AW</small> F<small>IRM</small> LLC |
|  |  |
|  | *s/Yongmoon Kim* |
| Dated: April 18, 2019 | Yongmoon Kim |
|  | *Attorneys for Plaintiff and the Proposed Class* |